[Civ. No. 25130. Second Dist., Div. Three. Dec. 15, 1961.]

RENATO CHIAPPINI, Plaintiff and Appellant, v. MORRIS STEINBERG, Defendant and Respondent.

Russell W. Bledsoe for Plaintiff and Appellant.

Sawtelle, Clausen & Gilliland for Defendant and Respondent.

SHINN, P. J.—The present action is for damages for personal injuries sustained by plaintiff when he fell from a ladder on the premises of the defendant. It was alleged in the amended complaint that "on May 31, 1957, at the invitation of defendant, Morris Steinberg, and with his express permission, plaintiff was on aforesaid premises; that at de-

fendant, Morris Steinberg's, express request, plaintiff was assisting said defendant in cleaning the floor at said premises; that at said time and place, said defendant ordered plaintiff up a ladder to get a scraper to be used in the cleaning of said floor. That when plaintiff was on the said ladder, the ladder slipped and fell to the floor carrying plaintiff crashing to the floor and proximately causing the injuries and damages as hereinafter enumerated.'' It was alleged that the floor was maintained in a dangerous, defective and slippery condition and that the lighting was inadequate; defendant knew or should have known of the condition, failed to warn plaintiff thereof and that the falling of the ladder was due to the negligence of defendant. In a jury trial, verdict and judgment were in favor of defendant and plaintiff appeals.

 The sole ground of the appeal is the claim of failure of the court to adequately instruct the jury as to the duties of the defendant. We are of the opinion that the jury was adequately instructed.

The facts were that plaintiff's wife Rose agreed to lease the premises, consisting of a storeroom, on a month to month tenancy, and that defendant agreed that he would clean the floor and prepare it for occupancy. Prior to that time, plaintiff had occasionally helped defendant clean the floor. The premises had been used by a candlemaker, who had left wax on the concrete floor. Plaintiff testified that he was requested by defendant to get a scraper to help in removing some linoleum; the scraper was on a shelf in the rear of the store; a ladder being in place, plaintiff shook it to see if it was solid. He climbed up the ladder to a little less than 5 feet. The ladder slipped on the floor, plaintiff fell to the floor and sustained injuries to his back. There was evidence that the fall of the ladder was due to the slippery condition of the floor. Plaintiff requested and the court refused to give an instruction which is set out in footnote.[1]

---

[1]''When an owner or occupant of premises expressly or impliedly invites a workman to enter the premises for the purpose of performing thereon some service from which both parties expect to benefit, the owner or occupant, to the end of protecting the workman, is required to use reasonable care to provide him with a reasonably safe place in which to work and in seeing that such equipment and facilities as are under the owner's or occupant's control, and which the workman is likely to use, are reasonably safe for such use in carrying out the purpose of his employment.

''It is also the duty of the owner or occupant in such circumstances to warn the workman of any danger which is not obvious and which is known to the owner or occupant or would be known to him in the exercise of ordinary care.''

Unquestionably, the instruction that was refused was a proper one and if it had been the only one stating the same legal principles, it would have been error to refuse it. It is clear that the instruction was refused for the reason that the court was of the opinion that the same subject matter was contained in instructions which were given.

Plaintiff makes reference to another instruction which was given at his request but does not set out the instruction or the substance of it in his brief. There were several instructions relating to the duties of the defendant, all of which were given at the request of plaintiff. These are set out in the footnote.[2] Thus the jury was told that if plaintiff was on the premises to do some work for the defendant as the complaint alleged, and plaintiff testified, he was an invitee to whom defendant owed specific duties.

The jury would have understood from the instructions of plaintiff's own choice, which were given, that if the falling of the ladder was due to the slippery condition of the floor; if plaintiff in the exercise of ordinary care would not have realized that the condition of the floor made it unsafe for him to use the ladder; if defendant knew, or in the exercise of ordinary care would have known that the ladder could not be used with reasonable safety and failed to warn plaintiff of the unsafe condition, plaintiff would have established the right to recover damages. This was all that was necessary for the jury to understand. These were the essentials of the

---

[2] "When one goes upon the premises of another for a purpose that is connected with or related to the business interests of the owner, an invitation to use the premises may be inferred, and whether so inferred or expressed, the invitation and such purpose make the visitor an invitee."

"Toward an invitee, it is the duty of an owner of property in the conduct of any active operations on the property, to use ordinary care to avoid any injury to the invitee, and it also is the owner's duty to use ordinary care to keep the premises in a condition reasonably safe for the invitee *[(and for any chattels brought to the premises by him in the reasonable pursuit of a purpose embraced within the invitation)]."

"But the responsibility of one having control of the premises is not absolute; it is limited to the performance of certain duties defined in my instructions. If there is danger attending upon the entry, or upon the work which the invitee is to do on the premises, and if such danger arises from conditions not readily apparent to the senses, and if the (owner) [(occupant)] has created such conditions or has actual knowledge of them, or if they are discoverable by him in the exercise of ordinary care, it is his duty to give reasonable warning of such danger

*Matter in brackets denotes strike out.

case of the plaintiff. The instructions that were given were adequate to cover the facts which his evidence developed. His instruction that was refused would only have stated the applicable rule in somewhat different form. The court did not err in refusing the instruction. There are no other assignments of error.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied January 4, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 7, 1962.

---

to the invitee. The (owner) [(occupant)] is not bound to discover defects which reasonable inspection would not disclose, and he is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. In brief, no duty exists to give the invitee notice of an *obvious* danger.''

. . . . . . . . . . . .

''In the absence of appearances that caution him, or would caution a reasonably prudent person in like position, to the contrary, the invitee has a right to assume that the premises he was invited to enter are reasonably safe for the purposes for which the invitation was extended, and to act on that assumption.''

. . . . . . . . . . . .

''Each the invitee and the invitor, so long as he is exercising ordinary care and no circumstance exists that either causes him or would cause a reasonably prudent person in his position to think differently, has a right to assume that the other will be possessed of normal faculties of sight and hearing and will exercise ordinary care, and he has the right to rely on that assumption.''

. . . . . . . . . . . .

''Take note also that everything I have said or may say about the duty of an invitor is subject to this overlying principle, that if and when an invitor actually learns that an invitee is in imminent danger of injury, and if, by exercising ordinary care, the invitor can minimize or thwart that danger, his duty is to apply such care to such a purpose.''